UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Case No.  3:19-cv-00006-SMY-RJD<br><br>Hon. Staci M. Yandle |

**DEFENDANTS' ANSWER**

Defendants Donald J. Trump, in his official capacity as President of the United States, William P. Barr, in his official capacity as Attorney General of the United States,[1] and Regina Lombardo, Acting Deputy Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the United States Department of Justice ("DOJ"), hereby answer Plaintiff's Complaint[2] and set forth affirmative defenses as follows:

**COUNT I**

  1.  As to the first two sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated, except to deny that Plaintiff's actual names are protected under the Fifth Amendment.  As to the final sentence, admit that Donald J. Trump is President of the United States and Thomas E. Brandon is Acting Director, ATF; otherwise, deny.

---

[1] By operation of Fed. R. Civ. P. 25(d), Attorney General Barr and Acting Deputy Director Lombardo have automatically been substituted as Defendants in this action.

[2] Plaintiff purports to represent a class of others similarly situated.  Defendants deny that Plaintiff can establish or is entitled to represent such a class, and until such a time as the Court certifies such a class, notes that there is only one Plaintiff in this action.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Admit that Congress passed the National Firearms Act ("NFA") in 1934, and that said act placed tax and registration requirements on those firearms so defined by the NFA; otherwise, deny.

5. Admit that the NFA provided for taxes in the amount of $200.00; otherwise, deny.

6. Admit that the NFA provided for a 60-day initial registration period, that the agency previously named "Commissioner of Internal Revenue" is today called the "Internal Revenue Service," and that authority for administering the NFA today lies with ATF, which is now part of the Department of Justice. Otherwise, deny.

7. Deny.

8. Admit that Congress amended the NFA between 1934 and 1960; otherwise, deny.

9. Admit that *Haynes v. United States*, 390 U.S. 85 (1968) held that "a proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under [26 U.S.C.] s 5841 or for possession of an unregistered firearm under [26 U.S.C.] s 5851." The remainder of this paragraph comprises Plaintiff's characterization of that opinion, which speaks for itself and to which no response is required. The Court is respectfully referred to that opinion for its full nature and analysis. To the extent a response is required, deny, except to admit that the NFA continues to be enforced.

10. This paragraph contains Plaintiff's characterization of the 1968 legislation amending the NFA, to which no response is required. To the extent a response is required, admit.

11. This paragraph contains Plaintiff's characterization of the 1968 legislation amending the NFA, to which no response is required. To the extent a response is required, deny.

12. This paragraph contains Plaintiff's characterization of the 1968 legislation amending the NFA, to which no response is required. To the extent a response is required, deny.

13. This paragraph contains Plaintiff's characterization of the 1968 legislation amending the NFA, to which no response is required. To the extent a response is required, admit.

14. Admit that Plaintiff have correctly quoted the cited source; otherwise, deny that, without further context, this quote provides a complete and accurate characterization of the relevant law.

15. This paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny.

16. Deny.

17. Deny, except to admit that ATF previously classified some bump-stock-type devices as unregulated items rather than as machineguns.

18. Admit that Congress enacted the Firearm Owners' Protection Act ("FOPA") in 1986 as Public Law 99-308 and that a portion of the FOPA is codified as 18 U.S.C. 922(o).  The remainder if this paragraph contains Plaintiff's characterization of the FOPA, to which no response is required.  To the extent a response is required, deny.

19. This paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny.

20. Deny.

21. Admit that the Department of Justice, in the Final Rule challenged in this action, estimated the existence of between 280,000 and 520,000 bump-stock-type devices in circulation with an average sale price from 2012 to 2017 of $213.00.  Otherwise, deny.

22. Admit that Plaintiff correctly quotes the source cited. The remainder of this paragraph contains Plaintiff's characterization of that statute, to which no response is required. To the extent a response is required, deny that, without further context, this quote provides a complete and accurate characterization of the relevant law.

23. Admit that Plaintiff correctly quotes the source cited. The remainder of this paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny that Plaintiff's legal analysis is correct and that, without further context, this quote provides a complete and accurate characterization of the relevant law.

24. Admit that Plaintiff correctly quotes the statute cited. The remainder of this paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny that Plaintiff's legal analysis is correct and that, without further context, this quote provides a complete and accurate characterization of the relevant law.

25. Admit that *United States v. Vest,* 448 F. Supp. 2d 1002 (S.D. Ill. 2006) sustained an as-applied challenge to the constitutionality of 18 U.S.C. § 922(o) under the facts presented in that case. The Court is respectfully referred to that case for a full and accurate statement of its holding. Admit that no appeal was taken from that decision.

26. Deny.

27. Deny.

28. As to the Administrative Procedure Act, admit; otherwise, deny.

29. Admit that 5 U.S.C. § 706 provides authority for this Court to "hold unlawful and set aside agency action, findings, and conclusions" and to remand to the agency. Deny that any such relief is warranted in this case.

30. Deny.

**COUNT II**

1-21B.[3] In this paragraph, Plaintiff "adopts and incorporates paragraphs 1 through 21." Defendants respectfully incorporate their respective responses.

    22B.    Deny.

    23B.    Deny.

    24B.    This paragraph sets forth Plaintiff's legal analysis of Congress's authority under the Commerce Clause, to which no response is required. To the extent a response is required, deny.

    25B.    Deny.

    26B.    Deny.

    27B.    Deny.

    28B.    Deny.

    29B.    Deny.

    30B.    Admit that Plaintiff correctly quotes the statute cited. The remainder of this paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny that Plaintiff's legal analysis is correct and that, without further context, this quote provides a complete and accurate characterization of the relevant law

    31B.    Deny.

    32B.    As to the Administrative Procedure Act, admit; otherwise, deny.

    33B.    Admit that 5 U.S.C. § 706 provides authority for this Court to "hold unlawful and set aside agency action, findings, and conclusions" and to remand to the agency. Deny that any such relief is warranted in this case.

---

[3] The Complaint repeats paragraph numbers under each Count. For ease of reference, this Answer will append the letter "B" to the paragraph numbers under Count II, the letter "C" to the paragraph numbers under Count III, the letter "D" to the paragraph numbers under Count IV, the letter "E" to the paragraph numbers under Count V, and the letter "F" to the paragraph numbers under Count VI.

34B.   Deny.

## COUNT III

1-21C.  In this paragraph, Plaintiff "adopts and incorporates paragraphs 1 through 21." Defendants respectfully incorporate their respective responses.

22C.   Deny.

23C.   This paragraph contains Plaintiff's legal characterization of the NFA, to which no response is required.  To the extent a response is required, deny.

25C(1).[4]  Deny.

25C(2).  Admit that lawfully-possessed machineguns can be individually distinguished based on their markings, and that wheat, marijuana, and oranges cannot be individually distinguished based on similar markings.  Otherwise, deny, including by denying Plaintiff's legal conclusion that machineguns are not fungible.

26C.  Admit that the purpose of the GCA and NFA is not to protect and support commodity prices; otherwise, deny.

27C.   Deny.

## COUNT IV

1-21D.  In this paragraph, Plaintiff "adopts and incorporates paragraphs 1 through 21." Defendants respectfully incorporate their respective responses.

22D.   Deny.

23D.   Admit that registered importers and registered dealers who satisfy applicable legal requirements may import NFA firearms as sales samples for the sole purpose of generating orders

---

[4] There is no paragraph numbered "24" under Count III in the Complaint and two paragraphs numbered "25."  The responses to these two paragraphs have been denoted "25C(1)" and "25C(2)."

for firearms from government entities, primarily law enforcement agencies, on the basis of the sample. Otherwise, deny.

  24D. Admit.

  25D. Admit.

  26D. Admit.

  27D. Admit that the Supreme Court rejected a challenge to the constitutionality of the taxes contained in the NFA in *Sonzinsky v. United States*, 300 U.S. 506 (1937). The remainder of this paragraph consists of Plaintiff's characterization of that opinion, to which no response is required because the opinion speaks for itself. The Court is respectfully referred to that opinion for its full nature and analysis. To the extent a response is required, deny.

  28D. Admit, but deny that in such a circumstance the possession and retention can be lawful under the NFA.

  29D. Admit that some ammunition manufacturers are registered as Type 07 Federal Firearms Licensees ("FFLs") and pay Class II Special Occupational Taxes. The remainder of this paragraph consists of Plaintiff's legal arguments regarding such licensees, to which no response is required. To the extent a response is required, deny.

  30D. Admit that Olin Corporation, of East Alton, Illinois, is a Type 07 FFL and pays a Class II Special Occupational Tax. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

  31D. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph. To the extent this paragraph contains Plaintiff's legal conclusions, deny.

32D. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph. To the extent this paragraph contains Plaintiff's legal conclusions, deny.

33D. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph. To the extent this paragraph contains Plaintiff's legal conclusions, deny.

34D. Deny.

35D. Deny.

## COUNT V

1-21E. In this paragraph, Plaintiff "adopts and incorporates paragraphs 1 through 21." Defendants respectfully incorporate their respective responses.

22E. Deny.

23E. This paragraph contains Plaintiff's broad legal conclusions, to which no response is required. To the extent a response is required, deny that Plaintiff's legal analysis is correct and that Plaintiff's broad statements provide a complete and accurate characterization of the relevant law.

24E. Deny.

25E. Defendants understand this paragraph to incorporate by reference the allegations made in Paragraph 9 of Plaintiff's Complaint. Defendants therefore incorporate by reference their Answer to Paragraph 9, *supra*.

26E. This paragraph contains Plaintiff's broad legal conclusions, to which no response is required. To the extent a response is required, deny that Plaintiff's legal analysis is correct and that Plaintiff's broad statements provide a complete and accurate characterization of the relevant law.

27E(1).[5] Admit that the NFA requires advance publication in the Federal Register of any exercise of the Secretary of Treasury's authority under Pub. L. 90-619 Sec. 207(d), 82 Stat. 1236; otherwise, deny.

28E(1). Admit that Form 4467 (October 1968) states on its face that it "cannot be accepted for registration of firearm except . . . during the time period November 2, 1968, through December 1, 1968." The remainders of this paragraph consists of Plaintiff's characterizations of this form and other documents, which speak for themselves and to which no response is required. To the extent a response is required, deny.

29E(1). Deny.

27E(2). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28E(2). Admit that in the circumstances presented in Exhibit G, Mr. Fassnacht's firearms were registered.

29E(2). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31E.[6]   Admit.

32E.   Admit that Exhibit M contains the quoted text. The remainder of this paragraph contains Plaintiff's legal analysis, to which no response is required. To the extent a response is required, deny.

33E.   Deny.

---

[5] Count V in the Complaint contains two paragraphs numbered with each of the following: "27", "28," and "29." The responses to these paragraphs have been denoted "27E(1)" and "28E(1)," and "29E(1)," followed by "27E(2)," "28E(2)," and "29E(2)."

[6] There is no paragraph numbered "30" under Count V in the Complaint.

34E. Admit that in situations where a transfer was erroneously denied for being unregistered when it was in fact registered, the transfer would be approved. Defendants lack knowledge or information regarding the frequency with which this has occurred.

35E. Deny.

36E. Deny.

37E. Admit that, prior to May 19, 1986, ATF approved transfers of registered machineguns. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

38E. Admit that law enforcement agencies may lawfully possess NFA firearms and may use ATF Form 10 to register such firearms. Otherwise, deny.

39E. This paragraph consists of Plaintiff's characterizations of certain ATF Rulings reproduced as part of Exhibits I, L, and M, to which no response is required because those Rulings speak for themselves. The Court is respectfully referred to the ATF rulings for full statements of their respective contents. To the extent a response is required, deny.

40E. As to the first sentence, admit that no period of amnesty was established pursuant to the authority set forth in Pub. L. 90-619, Sec. 207(d), 82 Stat. 1236, or under any other authority, as part of the ATF Rulings enumerated in paragraph 39E. Otherwise, deny.

41E. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42E. Deny.

43E. Deny.

44E. Deny.

45E. Admit that 26 U.S.C. § 5845(g) sets forth the definition of "antique firearms" as: "any firearm not designed or redesigned for using rim fire or conventional center fire ignition with

10

fixed ammunition and manufactured in or before 1898 (including any matchlock, flintlock, percussion cap, or similar type of ignition system or replica thereof, whether actually manufactured before or after the year 1898) and also any firearm using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade." Otherwise, deny.

46E.   Admit that Plaintiff correctly quote the cited source. Deny that this provides a complete and accurate characterization of the relevant law.

47E.   Admit that ATF permitted registration of certain shotguns reclassified as destructive devices for NFA purposes from March 1, 1994 to May 1, 2001, that such registrations were accomplished by completion of an ATF Form 1, and that no publication in the Federal Register was made regarding these registrations. Deny that this registration constituted an "amnesty" under the authority set forth in Pub. L. 90-619, Sec. 207(d), 82 Stat. 1236.

48E.   Deny.

49E.   Admit that in 1986, Congress passed the Firearm Owners' Protection Act (FOPA), 100 Stat. 449, which added 18 U.S.C. §922(o) to the GCA and that Plaintiff have accurately quoted that provision. The remainder of this paragraph contains Plaintiff's characterization of the FOPA, to which no response is required. To the extent a response is required, admit that 18 U.S.C. §922(o) contains exceptions as enumerated therein and that prior to the Final Rule, ATF did not classify certain bump stock devices as machineguns. Otherwise, deny.

50E.   Deny.

51E.   Admit that, since 1986, 18 U.S.C. §922(o) has prohibited the new manufacture of machineguns for private sale. Otherwise, deny.

52E.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53E.   Admit that registered dealers or importers who satisfy applicable legal requirements may manufacture or obtain machineguns as sales samples for the purpose of generating orders for firearms from government entities, primarily law enforcement agencies, on the basis of the sample. Admit that registered manufacturers who satisfy applicable legal requirements may manufacture machineguns for export.  Otherwise, deny.

54E.   Admit that continued compliance with applicable legal requirements is necessary for lawful possessors of machineguns to continue to lawfully possess machineguns.  Otherwise, deny.

55E.   Deny.

56E.   Deny.

57E.   Admit that the Court has subject matter jurisdiction for a challenge to the Final Rule under 28 U.S.C. 1331.  Otherwise, deny.

58E.   Admit that Defendants have a duty to act in accordance with the law, including the United States Constitution and the Administrative Procedure Act.  Deny that there is any merit to Plaintiff's claims that Defendants have failed to act in accordance with the law.

59E.   Deny.

60E.   Deny.

61E.   Deny.

62E.   Admit that Plaintiff accurately quote the cited statute.  Deny that this provides a complete and accurate characterization of the relevant law or that 18 U.S.C. § 922(o) is unconstitutional.

63E.   Deny.

64E.   Admit that 5 U.S.C. § 706 provides authority for this Court to "hold unlawful and set aside agency action, findings, and conclusions" and to remand to the agency.  Deny that any such relief is warranted in this case.

      65E.    Deny.

## COUNT VI

      1-21F.    In this paragraph, Plaintiff "adopt[] and incorporate[] paragraphs 1 through 21." Defendants respectfully incorporate their respective responses.

      22F.    Deny.

      23F.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; however, admit that venue would be proper if Plaintiff is, as alleged in paragraph 1, a resident of this judicial district.

      24F.    As to the first sentence, admit that the Department of Justice, in the Final Rule challenged in this action, estimated the existence of between 280,000 and 520,000 bump-stock-type devices in circulation. Otherwise, deny.

      25F.    As to the first sentence, admit that the Department of Justice, in the Final Rule, estimated the average sale price from 2012 to 2017 as $213. Otherwise, deny.

      26F.    This paragraph provides Plaintiff's proposed class definition, to which no response is required. To the extent a response is required, deny that the proposed language would establish a cognizable class.

      27F.    This paragraph states Plaintiff's proposed class representative and counsel, to which no response is required. To the extent a response is required, deny that Mr. Doe should be named as class representative and deny that Mr. Maag and the Maag Law Firm, LLC, should be named as class counsel.

      28F.    Deny.

      29F.    Deny.

      30F.    Deny.

      31F.    Deny.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

Defendants also deny that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever. Defendants further deny that Plaintiff is entitled to any relief broader than that necessary to remedy any injury of his own that he has suffered.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.
2. The Final Rule is supported by substantial evidence and is neither arbitrary, capricious, nor an abuse of discretion and, therefore, should be affirmed on the administrative record.
3. Defendants' actions did not, and do not, violate the United States Constitution, art. i, art. ii the Fourth Amendment, the Fifth Amendment, the Administrative Procedure Act, or any other law.
4. Defendants' actions and positions were and are substantially justified within the meaning of the Equal Access to Justice Act.

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8 should facts become known that support those defenses. Defendants further reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

WHEREFORE, having fully answered, Defendants respectfully state that:

1. This Court should enter judgment for Defendants and dismiss this action with prejudice; and

2. Defendants should be granted such further relief as the Court may deem just and proper.

DATED this 31st day of May, 2019.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

*/s/ Eric J. Soskin*
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
MATTHEW J. GLOVER
Counsel
MICHAEL F. KNAPP (CA Bar #314104)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
*Counsel for Defendants*