IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, *individually and on behalf of others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-cv-6-SMY-RJD ) |
| DONALD TRUMP, et al., | ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Stay Discovery as to Counts I through V and to Stay Discovery as to Count VI, or in the Alternative, Bifurcate Proceedings as to Count VI (Doc. 35). For the reasons set forth below, the Motion is **GRANTED**. Discovery is stayed as to all counts and limited to the administrative record.

**Background**

This is a proposed class action in which Plaintiff challenges a Final Rule issued by the Department of Justice ("DOJ") and its component, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") concerning the classification of "bump stocks" as machine guns under 18 U.S.C. § 922(o).

Generally, Plaintiff alleges 18 U.S.C. § 922(o) does not prohibit an initial registration or amnesty period for newly regulated bump devices, despite a finding to the contrary by the DOJ and ATF. Plaintiff alleges Defendants have acted arbitrarily, capriciously, and contrary to law in finding they lack authority to institute an amnesty or initial registration period, and such an interpretation of 18 U.S.C. § 922(o) is unconstitutional. Plaintiff lodges both facial and as applied

constitutional challenges to such an interpretation.

Defendants contend discovery in this matter should be stayed as to Counts I through V as said claims are brought under the APA.  Defendants further contend discovery should be stayed as to Count VI in the interests of judicial economy and the speedy and inexpensive resolution of this action.

Plaintiff objects to Defendants' motion, asserting the administrative record will not, and cannot, resolve this case.  Plaintiff contends that the administrative record cannot address the constitutional issues raised in his various claims.

**Discussion**

The Administrative Procedure Act ("APA") embodies a "basic presumption of judicial review," and instructs reviewing courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Dep't of Commerce v. New York*, 139 S.Ct. 2551, 2567 (2019) (quotations omitted). Generally, discovery is not appropriate for claims brought under the APA since review of an agency's decision is confined to the administrative record.  *Little Co. of Mary Hospital v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009). An exception exists if a plaintiff seeking discovery can make a significant showing that it will find material in the agency's possession indicative of bad faith or an incomplete record.  *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1081-82 (7th Cir. 2016).   Here, Plaintiff fails to demonstrate that the record is incomplete or there has been bad faith.  Rather, Plaintiff relies on his contention that the administrative record cannot address the constitutional claims set forth in the complaint.  In particular, Plaintiff asserts that his claim in Count V, that 18 U.S.C. § 922(o) and the National Firearms Act, are unconstitutional as applied, administered, and enforced, would be impossible to address without discovery concerning the prior allowance of registration of

certain firearms not allowed under the statute. Plaintiff also generally asserts that the administrative record will not resolve this case unless Counts III, IV, V, and VI are entirely ignored. Plaintiff posits that the administrative record created to justify a political edict of the President cannot address the majority of this case, which raises constitutional issues.

The Court disagrees. Counts I through V clearly address the DOJ's interpretation of 18 U.S.C. § 922(o). Further, these counts seek relief under the APA[1]. The Court recognizes that Plaintiff is challenging the constitutionality of the Defendants' decisions and actions, but the APA contemplates such challenges, providing that a reviewing court must set aside and hold unlawful any agency action, finding, or conclusion it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(A), (B). Because Counts I through V seek relief under the APA, discovery must be limited to the administrative record absent a showing of bad faith or incompleteness.

The Court next considers Defendants' argument that discovery should be stayed as to Count VI, or in the alternative, Count VI should be bifurcated for later resolution. In Count VI, Plaintiff asks for compensation on behalf of a purported class for a "taking" of private property if the Court should find that the DOJ and/or ATF has the authority to allow for an "amnesty" registration period. Defendants argue discovery on this count is unnecessary for resolution of the merits and would therefore be focused on class certification and monetary recovery issues. Because these issues will likely be complicated and involve significant expense to the parties,

---

[1] In Counts I and II, Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the APA, and asks that the Court find Defendants "have abused their discretion and acted arbitrarily and capriciously." In Counts III and IV (in which Plaintiff does not include a jurisdictional statement), Plaintiff alleges Defendants have "acted arbitrarily and capriciously" in issuing its final rule and seeks attorney fees under the APA. In Count V, Plaintiff alleges the Court has subject matter jurisdiction under the APA, the Constitution and Fourth Amendment, and 28 U.S.C. § 1331. Plaintiff also asks that the Court finds Defendants "acted arbitrarily and capriciously."

Defendants submit discovery should be stayed as to Count VI under Federal Rules 1 and 26. More specifically, Defendants posit that "several different 'legal determinations' may be made that resolve the claim in Count VI before any discovery is necessary." Defendants also assert they plan to move for summary judgment on Count VI at the same time they move for summary judgment for Counts I through V. Plaintiff argues Defendants concede Count VI will require discovery and contends it would only drag this case out for multiple years by staying or bifurcating discovery on this Count. In this instance, discovery as to Count VI shall be stayed at this juncture in order to effect the "just, speedy, and inexpensive determination" of this action. *See* FED. R. CIV. P. 1. Plaintiff's allegations in Count VI necessarily rely on findings related to Counts I through V. Because discovery concerning Count VI is likely to be expansive and expensive, and noting that the issues in Count VI may be resolved with a decision as to Counts I through V, the Court finds a stay of discovery warranted at this time.

For the aforementioned reasons, Defendants' Motion to Stay Discovery as to all counts is **GRANTED**[2]. Discovery as to Counts I through V is limited to the administrative record, which should have been produced by September 24, 2019. This Order, however, does not limit Plaintiff's ability to seek additional discovery if he can make a significant showing that the record is incomplete or there is material indicative of bad faith.

**IT IS SO ORDERED.**

**DATED: November 7, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] Defendants' alternative request for a bifurcation of the proceedings is moot.